**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE MADRIGAL,<br>CDCR #P-74455,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>POST CONVICTION ASSISTANCE<br>CENTER, et al.,<br><br>　　　　　　　　　Defendants. | Civil No.   15cv2555 BTM (MDD)<br><br>**ORDER:**<br><br>**(1)   DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br>**[ECF Doc. No. 2]**<br><br>**AND**<br><br>**(2) ORDERING PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE PURSUANT TO**<br>**28 U.S.C. § 1914(a)** |

Jose Madrigal ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed this civil right action pursuant to 42 U.S.C. § 1983. *See* Compl. (ECF Doc. No. 1).

Plaintiff did not prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

///

## I. Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350, in addition to a $50 administrative fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

However, if the plaintiff is a prisoner at the time of filing, as Plaintiff is in this case, he may qualify to proceed IFP, but may also be required to pay an initial partial filing fee, and will remain obligated to pay "the remainder of the fee in monthly installments," *Bruce v. Samuels,* 577 U.S. __ , 136 U.S. 627, 627-28 (2016); *see also Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether and when his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

Prisoners who seek leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). It is from the certified trust account statement that the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's

account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 628.

While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his RJD trust account statements, or an institutional equivalent, for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without Plaintiff's trust account statement, the Court is simply unable to assess the appropriate amount of initial filing fee which is statutorily required to initiate the prosecution of this civil action. *See* 28 U.S.C. § 1915(b)(1). Accordingly, the Court must deny Plaintiff's Motion to Proceed IFP without prejudice at this time, but will provide him an opportunity to re-submit a completed application for IFP.

## II.   Conclusion and Order

For the reasons set forth above, the Court hereby:

(1)   **DENIES** Plaintiff's Motion to Proceed IFP [ECF Doc. No. 2] without prejudice;

(2)   **ORDERS** Plaintiff to show cause why this case should not be dismissed, without prejudice, for failing to pay the $400 filing fee or successfully move to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a). Plaintiff must, no later than **Monday, April 4, 2016** either: (1) prepay the entire $350 civil filing fee and $50 administrative fee in full; *or* (2) complete and file a Motion to Proceed IFP *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint*. *See* 28 U.S.C. § 1915(a)(2); 28 U.S.C. § 1914(b); S.D. CAL. CIVLR 3.2(b). If Plaintiff chooses to file a Motion to Proceed IFP which the Court later grants, the $50

/ / /

administrative fee will be waived.[1] If Plaintiff fails to pay the filing fee or properly move to proceed IFP by **Monday, April 4, 2016,** this entire action will be dismissed without prejudice; and

(3)  **DIRECTS** the Clerk of the Court to provide Plaintiff with a new Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in the event he wishes to file a renewed Motion to Proceed IFP in this matter.

**IT IS SO ORDERED**.

DATED: February 24, 2016

HON. BARRY TED MOSKOWITZ, Chief Judge
United States District Court

---

[1] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $400 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be reviewed before service and may be dismissed pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays or is obligated to pay filing fees. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").